UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| **CEDRIC JORDAN GROOMS, SR. #74329,** ) | |
| ) | |
| Plaintiff, ) | No. 2:23-cv-00044 |
| ) | |
| v. ) | |
| ) | |
| **CASEY COX, Sheriff of Cumberland County Jail, et al.,** ) | |
| ) | |
| Defendants. ) | |

### ORDER

Acting pro se, Cedric Jordan Grooms, Sr., who is currently in the custody of the Cumberland County Jail in Crossville, Tennessee, has filed a complaint under 42 U.S.C. § 1983 and the Free Exercise Clause of the First Amendment or the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, against Casey Cox, Cumberland County Sheriff; Tim Clafflin, Cumberland County Jail Captain; John Griffith, Cumberland County Jail Administrative Sergeant; Casey Honeycutt, Cumberland County Jail nurse; Mike Hassler, Cumberland County Jail Lieutenant; Laurie Turner, Cumberland County Jail Deputy; and the Cumberland County Sheriff's Department, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1).

Plaintiff also has filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 2), a "Motion for Order of Transfer to Different Facility/TRO", (Doc. No. 8) and a Motion to Appoint Counsel (Doc. No. 9).

Under the Prisoner Litigation Reform Act (PLRA), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28

1

U.S.C. § 1914(a). From a review of Grooms' Application and supporting materials (Doc. No. 7), it appears that he lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

Under Section 1915(b), Grooms nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full $350 filing fee, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire $350 filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case

number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Cumberland County Jail to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order.

For the reasons explained in the Memorandum Opinion entered contemporaneously herewith, the Court rules as follows.

Plaintiff's Motion to Appoint Counsel (Doc. No. 9) is **GRANTED**. The Clerk is **DIRECTED** to appoint attorney Christopher W. Smith of the Law Offices of David Randolph Smith & Associates.

Plaintiff's "Motion for Order of Transfer to Different Facility/TRO" (Doc. No. 8) is **RESERVED**, given the appointment of counsel and the interest of justice.

Having screened the Amended Complaint pursuant to the PRLA, the Court finds that the allegations state colorable First Amendment claims under Section 1983 against Sheriff Casey Cox, Captain Tim Clafflin, Administrative Sergeant John Griffith, Nurse Casey Honeycutt, Lieutenant Mike Hassler, and Deputy Laurie Turner in their individual capacities; a colorable First Amendment claim against Cumberland County, Tennessee; and a colorable First Amendment claim against Nurse Honeycutt in her official capacity, which is a claim against Covenant Health.

The Court further finds that the allegations state colorable individual-capacity RLUIPA claims against Defendants Sheriff Casey Cox, Captain Tim Clafflin, Administrative Sergeant John

Griffith, Nurse Casey Honeycutt, Lieutenant Mike Hassler, and Deputy Laurie Turner. Plaintiff's official-capacity RLUIPA claims also will proceed for further development.

Grooms may amend his complaint, if he so desires, to (and not limited to) (1) clarify his status as a pretrial detainee or convicted prisoner and more fully articulate a cruel and unusual punishment claim under Section 1983 against the appropriate individuals and/or entities and/or (2) add a racial bias or racial discrimination claim against the appropriate individuals and/or entities. Any amended complaint must be filed no later than 30 days after entry of this Order. Counsel for Plaintiff may seek an extension in writing, if necessary.

Defendants would do well to proceed cautiously and respectfully of what appear to be Plaintiff's sincerely held religious beliefs, medical needs, and dietary restrictions in which Plaintiff's "Blackness" plays no role. And, Defendants are well aware that retaliation of any kind against Plaintiff or any inmate for exercising his First Amendment right to file and pursue a federal lawsuit is unlawful.

The Clerk is **DIRECTED** to serve a copy of this Order and accompanying Memorandum Opinion on the Attorney General and Reporter for the State of Tennessee and Christopher W. Smith, Esq.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE